UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-190 (JRT)

UNITED STATES OF AMERICA,

   Plaintiff,

v.

MARCUS ALANTE PATTERSON,

   Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and defendant Marcus Alante Patterson agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The defendant agrees to plead guilty to Count One of the Information, which charges the defendant with Possession of Child Pornography, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2). The defendant fully understands the nature and elements of the charged crime and is pleading guilty because he is guilty as charged. The government agrees not to bring any additional charges against the defendant based on this investigation known to it at the time of the plea hearing.

2. **Factual Basis.** By pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

1



SCANNED
SEP 02 2022
U.S. DISTRICT COURT MPLS

The defendant came to the attention of law enforcement in April 2014, when an undercover officer logged into GigaTribe—an Internet based, peer-to-peer file sharing network. The undercover officer interacted with a user identified as "Blackberrydude," who was sharing three password-protected folders on the Gigatribe network. "Blackberrydude" provided the undercover officer with the passwords for the shared folders, which contained numerous visual depictions of minors engaged in sexually explicit conduct. The undercover officer successfully downloaded child pornography from these shared folders. These downloads of child pornography originated from an IP address registered to the defendant's residential Comcast account, which was located within the District of Minnesota.

During the month of February 2015, pursuant to valid search warrants, law enforcement seized numerous electronic devices that the defendant exclusively owned and used. A search of the defendant's devices revealed that the defendant possessed over 3,100 images and 22 videos of child pornography. The defendant's collection of child pornography included images and videos depicting, among other things, adult men engaged in sexual activity with prepubescent children who had not yet attained 12 years of age. These visual depictions included, but are not limited to, a file identified as 10[764371].png, which is an image of a prepubescent boy performing oral sex on an adult male.

The defendant ultimately admits that he knowingly possessed one or more matters containing visual depictions that had been mailed, shipped, and transported using a means and facility in and affecting interstate commerce, by means of a

computer, where the production of such visual depictions involved the use of a minor engaged in sexually explicit conduct.

3. **Waiver of Indictment**. The defendant agrees to waive indictment by grand jury and consents to the filing of a criminal information. The defendant further agrees to execute a written waiver of his right to be indicted.

4. **Waiver of Pretrial Motions**. The defendant understands and agrees that he has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file pre-trial motions in this case.

5. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The

defendant understands that a guilty plea is a complete admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

6. **Statutory Penalties**. The defendant understands that Count One of the Information (Possession of Child Pornography) carries the following statutory penalties:

   a. a maximum imprisonment term of 20 years;

   b. a term of supervised release of at least 5 years and up to a maximum term of life;

   c. a maximum fine of $250,000;

   d. a mandatory special assessment of $100;

   e. mandatory restitution in an additional amount to be determined by the Court.

7. **Additional Consequences**. The defendant understands that as a result of his conviction, he could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

8. **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations:

   a. Base Offense Level. The parties agree that the base offense level is **18**. U.S.S.G. § 2G2.1(a)(1).

4

b. <u>Specific Offense Characteristics</u>. The parties agree to the application of the following specific-offense characteristics, which increase the base offense level as follows:

   i) 2 levels because the material involved a prepubescent minor who had not attained the age of 12. U.S.S.G. § 2G2.2(b)(2);

   ii) 2 levels because the defendant knowingly engaged in distribution. U.S.S.G. §2G2.2(b)(3)(F).

   iii) 2 levels because the offense involved the use of a computer for the possession, receipt, or for accessing with intent to view the material. U.S.S.G. § 2G2.2(b)(6); and

   iv) 5 levels because the offense involved more than 600 images. U.S.S.G. § 2G2.2(b)(7)(D).

   v) No other Specific Offense Characteristics apply.

c. <u>Chapter 3 Adjustments</u>. Apart from acceptance of responsibility, the parties agree that no Chapter 3 adjustments apply.

d. <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). Whether the reduction will be imposed shall be determined by the Court in its discretion. In exercising its discretion, the defendant understands that the Court will likely consider the following occurrences: (1) the defendant's truthful testimony during the change of plea and sentencing hearings; (2) the defendant providing full, complete, and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engaging in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

   The government also agrees to move for an additional 1-level reduction because the defendant timely notified the government of his intention to plead guilty. U.S.S.G. § 3E1.1(b).

e. The parties agree that no Chapter 4 adjustments apply.

    f.    <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category I. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

    g.    <u>Guidelines Range</u>. If the adjusted offense level is **26** (18+2+2+2+5-3), and the criminal history category is I, the Sentencing Guidelines range is **63-78 months of imprisonment**.

    h.    <u>Fine Range</u>. If the adjusted offense level is 26, the Sentencing Guidelines fine range is $25,000 to $250,000. U.S.S.G. § 5E1.2(c)(3).

    i.    <u>Supervised Release</u>. The Sentencing Guidelines require a term of supervised release of at least five years and up to a maximum term of life. U.S.S.G. § 5D1.2; 18 U.S.C. § 3583(k).

9.    **Agreements as to Sentencing Recommendation.** The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make a motion for a departure or variance from the applicable Guidelines range, to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range. If the Court does not accept the sentencing recommendation of either party, the defendant will have no right to withdraw his guilty plea and the government cannot withdraw from the plea agreement.

10. **Revocation of Supervised Release.** The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

11. **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

12. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The defendant agrees to pay the $100 special assessment at the time of sentencing.

13. **Restitution.** The defendant understands and agrees that 18 U.S.C. § 3663A (the Mandatory Victim Restitution Act) applies and that the Court is required to order the defendant to make restitution to the victims of the defendant's conviction for possession of child pornography. The defendant agrees that the Court may order the defendant to make restitution to any victims of his crimes regardless of whether that victim is included in the count of conviction. The parties agree to resolve the amount of restitution owed to the victims of the defendant's crime prior to sentencing. In any event, the defendant agrees to pay no less than $1,000 to each identified victim who requests restitution.

14. **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate his ability to satisfy financial obligations imposed

by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

15. **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 2253(a):

   (a) any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110, United States Code;

   (b) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and

   (c) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property. The parties agree that the property subject to forfeiture includes the following property:

   (1) an HP Envy laptop, Model# 4-1130us with serial #CND2510WBN;

   (2) a 500GB Hitachi hard drive with serial #120402TE95113QJN3PMP; and

   (3) a 1TB Western Digital My Passport external hard drive, model# WDBBEP0010BBK with serial #WX31E92MJ374;

The defendant agrees that these items are subject to forfeiture because they facilitated and were used to commit Count One of the Information. The United States reserves the right to seek forfeiture of substitute assets and to forfeit additional directly forfeitable property. The defendant waives any right to the return of any digital data contained on the electronic devices subject to forfeiture.

9

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal, or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and waives any right to contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeiture on any grounds. To the extent the defendant has sought remission or otherwise challenged the forfeiture of the above-described property, he withdraws any such challenges.

16. **Waivers of Appeal and Collateral Attack.** The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above 63 months. The defendant also waives the right to petition under 28 U.S.C. § 2255, except based upon a claim of ineffective assistance of counsel or a retroactive change in the law. The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily. In return, the United States agrees to waive its right to appeal the imposed sentence.

17. **Sex Offender Registration.** The defendant understands that by pleading guilty, the defendant will likely be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he may be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life.

18. **FOIA Requests.** The defendant knowingly, willingly, and voluntarily waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

19. **Complete Agreement**. This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

ANDREW M. LUGER
United States Attorney

Date: 9/2/2022

BY: JORDAN L. SING    o/b/o Hillary A. Taylor
Assistant United States Attorney

Date: 9-2-22

MARCUS ALANTE PATTERSON
Defendant

Date: 9-2-22

MANVIR K. ATWAL
Counsel for Mr. Patterson